Connolly, Thomas E., J.
The so-called “medical defendants” have filed a Request that the Court enter an order prohibiting the use of two DOC reports concerning the suicide death of the plaintiffs deceased, Hakeem Obba on January 22, 2001 and the events surrounding it. They alleged that the two DOC reports are medical peer review documents, and that they are not subject to discovery or use in this case. They allege that they are subject to the medical peer *267 review statute, ch. Ill, §204. The Court construes their “Request” as a motion.
These two reports were produced to plaintiffs counsel by the Commonwealth (DOC) before any suit was commenced in this case. Obviously, these two DOC reports were not considered medical peer review documents by the DOC or the Commonwealth. Everybody at the subject meetings were employees of the Commonwealth, except for the two consultants who were also paid for by the Commonwealth.
Any 'party asserting a privilege has the burden of establishing that the privilege applies. Here, the “medical defendants” have filed no affidavits to support their position. “To assert the privilege of §204 ... a party would have to submit evidence showing that the documents, reports or records sought were themselves proceedings, reports or records of a medical peer review committee under §204(a).” Carr v. New England Deaconess Hospital Corp., 426 Mass. 514, 522 n.7 (1998). “Privileges are exceptions to the general duty imposed on all people to testify,... and to the fundamental principle that the public has the right to every man’s evidence ... which has been preferred, on the whole, to countervailing interests . . . Accordingly, existing privileges are strictly construed.” Babets v. Secretary of Human Services, 403 Mass. 230, 234 (1988).
The two DOC Reports are titled as follows:
1. Executive Summary Investigation into the January 22, 2001 Death of Inmate Hakeem Obba at MCI Cedar Junction (DOC-CJ-01-02) (17 pages).
This report is nothing more than a factual summary of the circumstances involving the suicide of Inmate Hakeem Obba and the circumstances leading up to his death.
2. Quality Assurance Mortality Suicide Review, dated 2/21/01 (7 pages).
This is a document that reports on a meeting held at MCI-Cedar Junction attended by Mark Powers, Deputy Superintendent of MCI-Cedar Junction, Steve Kennedy, Investigator, MCI-Cedar Junction, two so called “independent” physicians (one a psychiatrist and the other a medical doctor) and other supervisory DOC officials of health services.
The “medical defendants” wish to make these two DOC reports into “medical peer review documents” produced by an alleged “medical peer review committee” and therefore to have them excluded from use by any party in this case under ch. Ill, §204. This Court has closely examined these two documents, which have been submitted to the Court. These two reports are on DOC letterhead, and contain a DOC file code. The reports were submitted to the Norfolk County District Attorney for review. Section 1 of ch. Ill defines a “medical peer review committee” as “a committee of a state or local professional society of health care providers ... or of a medical staff of a public hospital or licensed hospital or nursing home or health maintenance organized under ch. 176G.” Therefore, neither of the two reports will be exempt from disclosure under §204 unless it was prepared by a committee of (1) a professional society of care providers or (2) a medical staff of the hospital, nursing home, or health maintenance organization. The DOC is neither.[1]
Quite simply, the medical peer review privilege that the Legislature created by statute does not cover the two DOC reports which were prepared by DOC panels that investigated and reviewed the decedent, Hakeem Obba’s suicide and death.

ORDER

The Request, being considered as a Motion, to prohibit all parties from the use of the two Department of Corrections reports is DENIED.

 The decedent was not a patient or being held in the infirmary at the time of his death. He was simply being held as a prisoner in the DDU unit.